<hr/>

### In re TESLOW et al.

(District Court, D. Minnesota, Second Division.   February 15, 1900.)

BANKRUPTCY — PREFERENCES — SURRENDER BEFORE ALLOWANCE OF OTHER CLAIMS.

Bankr. Act 1898, § 57g, providing that "the claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences," extends to all claims of a creditor who has received a preference, and is not limited to the particular claim on account of which the preference was given or received.

In Bankruptcy. On proceedings to review an order of Jean A. Flittie, referee, requiring a creditor to surrender a preference, or, in the alternative, that its claim previously allowed be expunged. The opinion of the referee was as follows:

"At the first meeting of the creditors of said bankrupts, Wyman, Partridge & Co. duly filed and had allowed its claim against the estate of said bankrupts in the sum of $1,292.92; and this is an application on the part of P. L. Vranizan, trustee in bankruptcy of the estate of Teslow & Haugen, for an order requiring said Wyman, Partridge & Co. to restore to said trustee the sum of $448.30 claimed to have been paid said creditor, as a preference, within four months of the filing of bankrupts' petition and their adjudication in bankruptcy, or, in the alternative, disallowing and expunging in full from the records herein the said claim of Wyman, Partridge & Co., so filed and allowed as aforesaid. The matter came before the referee, August 10, A. D. 1900, upon stipulation filed herein by and between the respective attorneys of the trustee and said Wyman, Partridge & Co., and was submitted to the referee for his decision upon said stipulated facts and briefs of counsel.

"The admitted facts in the case are briefly these: On or about November 1, 1899, the bankrupts began a general merchandise business at the village of Bricelyn, Faribault county, and state of Minnesota, and continued in said business at that place up to the time of their adjudication in bankruptcy, on the 15th day of February, A. D. 1900. Between November 2, 1899, and the 6th day of February, 1900, the claimant Wyman, Partridge & Co., who are general wholesale dealers in merchandise at the city of Minneapolis, Hennepin county, Minn., at different times sold and delivered to the bankrupts various invoices and items of merchandise, aggregating in amount the sum of $1,741.22. These sales were made on 90, 60, and 30 days' time, and a few small sales were made on a net cash basis. On January 2, 1900, $448.30 of this indebtedness matured or was past due, and on that date Wyman, Partridge & Co. rendered the bankrupts a statement of items of account then due, which amounted to the sum of $448.30, and this amount was on the 25th day of January, 1900, duly paid. Said payment was made in the usual course of business, and Wyman, Partridge & Co. had then no notice or knowledge of the insolvency of the bankrupts, though, in fact, the bankrupts were then, and had been for some time, wholly insolvent. The payment in question was received in good faith by said Wyman, Partridge & Co., and was credited upon items of account, payment of which fell due January 2, 1900. At the first meeting of the creditors of said bankrupts, Wyman, Partridge & Co. duly proved and had allowed against the estate of said bankrupts its claim for the balance falling due subsequent to January 2, 1900, upon its account.

"It is claimed by the trustee that the payment in question is a preference. Wyman, Partridge & Co. contend, however, that each sale of merchandise was a distinct and separate transaction, and that the prohibition in the bankruptcy act against the giving and receiving of preferences can only apply to each separate and distinct transaction, debt, or claim, and that no other claim or debt is tainted by the preferential payment, except such claim or debt as is paid, or partially paid, by the preferential payment. This contention cannot be sustained. To do so would have the sweeping and fatal effect of utterly defeating the provisions in the act as to preferences. In case of payment on an account containing sales at different times, all the creditor would need to do in order to defeat the preference would simply be to do as Wyman, Partridge & Co. has done,—apply the payment received on separate items or debts, and reserving other items and debts to be proven against the estate to the damage of other creditors not so favored. This would lead only to injustice. Were such a construction of the law to hold as is here contended for, preferences could be extended and received with impunity, and there would be no redress. The power to defeat a preference would thus rest exclusively with the creditor preferred, for he could apply payments of money received within the prohibited time as he saw fit, and so as to wholly liquidate and pay claims, debts, or items of account entirely of his own choosing. And a trustee in bankruptcy seeking to recover or defend against a preference would be as helpless as Prometheus bound. The contention of the claimant is born of utter necessity. None but a creditor in the most dire straits would think of splitting its accounts into severalties, particulars, and items, except for the purpose of attempting to create for itself an exception to the statute, contrary, to its letter and plain intendment.

"The provisions in the present bankruptcy act in regard to preferences are very specific and broad. Section 57g provides that 'the claims of creditors who have received preferences shall not be allowed, unless such creditors shall surrender their preferences.' And section 60a defines a 'preference' as follows: 'A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or make a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of his creditors of the same class.' If Wyman, Partridge & Co. are to be permitted to retain the large payment of $448.30 made it by the bankrupts on January 25, 1900, when the debtors were insolvent, and when other items of the account in question were also due, and file their claim and share in the dividends as to the balance of said account, the inevitable result will be that Wyman, Part-

ridge & Co. is receiving a greater percentage of its debt than any other creditors of the same class who have received no such payment. This the act expressly forbids.

"This is not a case falling within section 60b of the act, where the trustee seeks by action to recover a preference illegally and fraudulently made. In the present case the trustee simply seeks to protect the estate from the allowance of a claim until the creditor is willing to and shall surrender what advantage he has acquired over the other creditors. It is the duty of the trustee to marshal all the assets of the estate, and to distribute the fund equally among all the creditors in proportion to their respective amounts. And, while the law will not permit the trustee to recover that which has been innocently received, it does say to the innocently preferred creditor, 'If you want to share in the remaining estate of the bankrupt, as a condition precedent to your doing so you must surrender the preference received, for he who seeks equity must do equity.' It is the opinion of the referee that, under the prohibition contained in section 57g, no claim can be proven and allowed to stand unless the creditor shall surrender his preference. This seems to be the plain spirit and intent of the act. It is the entire indebtedness of the creditor that must be looked to in order to determine whether or not a preference has been received, and not the form or number of its component parts. Any other construction of the law will lead to injustice and mischief, perjury, and schemes of evasion. In support of the views herein expressed, see In re Conhaim (D. C.) 97 Fed. 923, 2 Nat. Bankr. News, 148; United States circuit court of appeals in Re Ft. Wayne Electric Corp., 39 C. C. A. 582, 99 Fed. 400, 2 Nat. Bankr. News, 434; Loveland, Bankr. p. 237; In re Beswick, 2 Nat. Bankr. News, 808.

"It is the order of the court that the said claim of Wyman, Partridge & Co. be disallowed and expunged, unless said Wyman, Partridge & Co. shall, within 30 days, elect to pay and restore to the trustee herein the sum of $448.30 paid it on January 25, 1900, in which event said Wyman, Partridge & Co. may present and file an additional claim against said estate for the amount of $448.30. Wyman, Partridge & Co. duly excepts."

A. E. Clark, for the trustee.
Fred B. Dodge, for Wyman, Partridge & Co.

LOCHREN, District Judge. The exceptions are overruled, and the foregoing decision of the referee is affirmed. Section 57g of the act provides that "the claims of creditors who have received preferences shall not be allowed unless such creditors shall surrender their preferences." The prohibition extends to all claims of such creditors against the estate of the bankrupt, and is not, as in the act of 1867, confined to the claims "on account of which the preference is made or given."